UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ANTHONY YOUNG,

        Plaintiff,

v.                                   Case No. 3:21-cv-00946-BJD-PDB

PUTNAM COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, James Anthony Young, an inmate of the Florida penal system, initiated this action pro se by filing an unsigned complaint for the violation of civil rights (Doc. 1; Compl.) and an incomplete motion to proceed in forma pauperis (Doc. 2). Plaintiff's claims arise out of conduct that occurred when he was detained at the Putnam County Jail. See Compl. at 4-5. He alleges "jail staff and medical [staff]" housed inmates infected with COVID-19 with those who were not infected, causing him to contract the virus. Id. at 5. Plaintiff also alleges that, in a separate incident, he was exposed to tuberculosis due to "improper diagnos[i]s of two other inmates," one of whom was his cellmate. Id. Plaintiff does not name individual jail or medical staff members as Defendants. Rather, he names the Putnam County Sheriff's Office, Joe Wells in his official

capacity, and Southern Correctional Medicine. Id. at 2-3. Plaintiff seeks compensatory damages of $200,000. Id. at 5.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic

---

[1] Plaintiff's complaint is remarkably similar to the one filed by another former Putnam County Jail inmate, Darylvon Jerome Belton. See Case No. 3:21-cv-01022-BJD-JRK (Doc. 1). The complaint allegations are not identical, but the complaints are similar in general ways: they (1) are unsigned; (2) name nearly the same Defendants; (3) do not identify the federal law allegedly violated in section II.B.; (4) are missing page 7 (which contains information about grievances filed); and (5) complain about exposure to infection, including tuberculosis. While both complaints are unsigned, it appears each respective inmate completed and submitted his own complaint because the handwriting of each matches that of the associated motion to proceed in forma pauperis, which does include a signature, and of the mailing envelope. It appears the two men wrote the complaints when they were housed together at the jail but mailed their complaints when they were transferred to their respective prisons.

recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual, the law of the state in which the district court sits dictates whether the entity can be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility may not be sued under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)). Because the Putnam County Sheriff's Office is an entity not amenable to suit under § 1983, Plaintiff's claim against it is subject to dismissal. To the extent Plaintiff seeks to proceed against Joe Wells in his official capacity, such a claim is one against the Putnam County Sheriff's Office and, therefore, is subject to dismissal.

Assuming Plaintiff intended to proceed against Joe Wells in his individual capacity, his claim still fails, as does his claim against Southern Correctional Medicine. Plaintiff lodges absolutely no factual allegations against these Defendants. Rather, it appears he names them because they serve as a jail administrator and as the private company under contract to provide medical services for inmates, respectively.[2] Generally, under § 1983, a

---

[2] According to the Putnam County Sheriff's Office website, Joe Wells is Chief Deputy, serving as the Sheriff's "principal leadership team member for directing, coordinating, supervising, and training the members of the Sheriff's Office." See Putnam County Sheriff's Office website, available at https://www.putnamsherifffl.com/joe-wells (last visited Oct. 26, 2021).

4

claim against a supervisor must be premised on something more than a theory of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). See also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. Absent direct involvement by a supervisor—such as when the supervisor knows a subordinate will act unlawfully or adopts a policy that results in deliberate indifference to inmates' constitutional rights—the requisite causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." See id.; Cottone, 326 F.3d at 1360. A plaintiff relying on the "history of widespread abuse" theory must demonstrate the past deprivations were "obvious, flagrant, rampant and of continued duration," such that the supervising official was on notice of the need to take corrective action. See Brown, 906 F.2d at 671.

Similarly, to proceed against a municipality, including a private medical services provider under contract with a municipality,³ a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (citing McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)). See also Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding that § 1983 applies to municipalities but liability arises only when a "municipal policy of some nature cause[s] a constitutional tort").

Plaintiff alleges no facts sufficient to proceed against Joe Wells or Southern Correctional Medicine. In fact, Plaintiff does not mention these Defendants at all aside from identifying them as parties to the action, and the allegations he does include indicate his claims are premised on his own experiences at the jail, not on an unconstitutional policy or a history of widespread abuse. See Grider v. Cook, 590 F. App'x 876, 882 (11th Cir. 2014) (holding the plaintiff failed to plead a plausible claim against municipal

---

³ "[W]hen a private entity ... contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting with second alteration Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)).

defendants because his "allegations involved only . . . himself and not a widespread practice or custom").

Even if Plaintiff had named individual jail employees allegedly responsible for a violation, he does not say what constitutional right or federal law allegedly was infringed. See Compl. at 3. Liberally construing his allegations that jail and medical staff put his "life in danger due to improper cleaning and medical treatment," id. at 5, Eighth Amendment principles are implicated.[4] However, these vague allegations describe, at most, negligence. The Eleventh Circuit has emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Swain v. Junior, 961 F.3d 1276, 1288 (11th Cir. 2020) (emphasis in original). Thus, the inability to control the spread of a contagious, deadly virus inside a crowded jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions to address the risk, "even if the harm ultimately [was] not averted." Id. at 1298-88.

---

[4] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

Notably, Plaintiff does not allege <u>he</u> received improper medical care. See Compl. at 5. Regardless, Plaintiff asserts no facts suggesting any medical care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991). Plaintiff's conclusory assertion of "improper . . . medical treatment" amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. <u>Iqbal</u>, 556 U.S. at 678.

Because Plaintiff fails to state a plausible claim for relief, his complaint is subject to dismissal without prejudice subject to his right to initiate a new action to pursue any cognizable claims he may have.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case

number upon receipt.[5]

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October 2021.

                                                  BRIAN J. DAVIS  
                                        United States District Judge

Jax-6  
c:    James Young, #V35003

---

[5] Plaintiff must sign any pleading he files with the Court. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented.").